T.C. Memo. 1999-105

UNITED STATES TAX COURT

WILLIAM CLOVIS WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17320-97.                    Filed April 1, 1999.

William Clovis Williams, pro se.

<u>Martha J. Weber</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1994 in the amount of $744.[2]

The issue for decision is whether petitioner's earnings from his Schedule C business activity are subject to self-employment tax under section 1401.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Ragley, Louisiana, on the date the petition was filed in this case.

Petitioner was a minister during 1994. He also operated a business which he referred to as Neighborhood Handyman (the handyman business). On a Schedule C attached to his 1994 return,[3] petitioner reported a net profit from his handyman business in the amount of $5,263.85. He did not report any liability for self-employment taxes with respect to this net profit. In the statutory notice of deficiency, respondent determined that petitioner's earnings from his handyman business are subject to self-employment tax.

---

[2]    In paragraph 3 of his Answer, respondent alleges that while the cover page of the notice of deficiency states a deficiency in the amount of $2,113, the correct deficiency determined in the notice is $744.

[3]    Petitioner and his wife, Wendy A. Williams, filed a joint 1994 Federal income tax return. The notice of deficiency in this case was issued jointly to petitioner and Mrs. Williams, but Mrs. Williams has not filed a petition in this matter and is not a party to this proceeding.

In <u>Williams v. Commissioner</u>, T.C. Summary Opinion 1997-145, this Court addressed petitioner's various arguments. We decided the same issue which is before us in this case in favor of respondent with respect to petitioner's 1993 taxable year. We there held:

> Although the income petitioner derived from his handyman business may have enabled him to sustain his ministry at Moss Bluff Church of Christ and to fulfill the obligation of supporting his family, those reasons or motives do not cause the handyman business to be integral to the conduct of his ministry. Petitioner failed to show that his self-employment income from the handyman business was earned "with respect to services performed by him as * * * [a] minister", as required by section 1402(e).
>
>     *     *     *     *     *     *     *
>
> Petitioner failed to present evidence to show that the tenets or teachings of the Moss Bluff Church of Christ are opposed to private or public insurance programs. Petitioner further failed to show that he is a member of any other recognized religious sect, or division thereof, whose tenets or teachings oppose the acceptance of private or public insurance benefits. Moreover, petitioner failed to produce any evidence that he completed and filed a Form 4029 with the IRS, as required by the regulations, to qualify for an exemption from self-employment tax under section 1402(g).

We find that this case is factually indistinguishable from <u>Williams v. Commissioner</u>, <u>supra</u>. There has been no change in the applicable law, and petitioner has not presented any additional arguments. Accordingly, under the doctrine of collateral estoppel, we hold that petitioner's earnings from his handyman business are subject to self-employment tax under section 1401.

See Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); Shaheen v. Commissioner, 62 T.C. 359, 363 (1974).

To reflect the foregoing,

Decision will be entered

for respondent.